**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HOWARD DAVID HENIGAN, : | |
| : | |
| Plaintiff, : | Civil No. 10-2851 (RBK) |
| : | |
| v. : | |
| : | **O P I N I O N** |
| CUMBERLAND COUNTY : | |
| DEPARTMENT OF CORRECTIONS, : | |
| et al., : | |
| : | |
| Defendants. : | |

**APPEARANCES:**

Howard David Henigan, Pro Se
255 Bridgeton Fairton Road
Bridgeton, NJ 08302

**KUGLER, District Judge**

　　Plaintiff was confined at the Cumberland County Jail, Bridgeton, New Jersey, at the time he submitted this civil action alleging violations of his constitutional rights. He has applied to proceed in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915. At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the complaint must be dismissed, without prejudice.

1

**BACKGROUND**

Plaintiff seeks to sue the Cumberland County Department of Corrections and the Cumberland County Board of Freeholders, alleging that between January 25, 2010 and June 3, 2010, he was not provided proper medical care and proper medication for psychiatric problems while housed in Cumberland County. Plaintiff contends that his health and safety were at risk while he was confined, and seeks monetary relief.

**DISCUSSION**

**A.   Standard of Review**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Recently, the Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[1] Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See id. at

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d).

3

1948. The Supreme Court's ruling in <u>Iqbal</u> emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. <u>See</u> <u>id.</u> at 1949-50; <u>see also</u> <u>Twombly</u>, 505 U.S. at 555, & n.3; <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203 (3d Cir. 2009).

**B.   Section 1983 Claims**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Claims Must Be Dismissed.**

Plaintiff's complaint, as pled, must be dismissed. First, Plaintiff names the Cumberland County Department of Corrections,

as a defendant, which will be construed as at attempt to state a claim against the county.  A local government entity may be responsible for constitutional violations of its employees under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflicts the injury."  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978).  In this case, the medical care claims against the county will be dismissed because Plaintiff does not identify any policy or custom that allegedly caused violation of his constitutional rights.

   Next, Plaintiff names the Board of Freeholders as a defendant.  However, local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n. 8 (1985); Monell, 436 U.S. at 690-91, 694; Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286,

5

1293-96 (3d Cir. 1997); <u>Baker v. Monroe Twp.</u>, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

While municipal entities such as counties and their agencies are considered "persons" for the purposes of Section 1983 liability, they are only liable for the policies or customs of the entity itself, and not for the specific acts of individual employees on a theory of <u>respondeat superior</u>.  See <u>Monell</u>, 436 U.S. at 694; <u>Sanford v. Stiles</u>, 456 F.3d 298, 314 (3d Cir. 2006) ("There is no <u>respondeat superior</u> theory of municipal liability, so a city may not be held vicariously liable under § 1983 for the actions of its agents"); <u>Pinaud v. County of Suffolk</u>, 52 F.3d 1139, 1157 (2d Cir. 1995) (recognizing that actionable claim under § 1983 against a county depends on harm stemming from the county's policy or custom).

Here, Plaintiff names no individual defendants such as the medical staff at the prison who failed to treat him, but only the Cumberland County Department of Corrections and the Board of Chosen Freeholders.  If Plaintiff does not know the exact identity of the proper defendants who were personally involved in the alleged violations against him, he may plead "John Doe" and/or "Jane Doe" as defendants.  Courts within this circuit have permitted "fictitious-defendant pleading."  See <u>Rolax v. Whitman</u>, 175 F. Supp.2d 720, 728 (D.N.J. 2001)(citing <u>Hindes v. F.D.I.C.</u>, 137 F.3d 148, 155 (3d Cir. 1998))(other citations omitted), <u>aff'd</u>, 53 Fed. Appx. 635 (3d Cir. 2002).  The use of fictitious

6

defendants is permitted until the plaintiff has had an opportunity to conduct discovery. See White v. Fauver, 19 F. Supp.2d 305, 312 n.8 (D.N.J. 1998). However, "fictitious parties must eventually be dismissed, if discovery yields no identities." Hindes v. F.D.I.C., 137 F.3d 148, 155 (3d Cir. 1998). Furthermore, obviously, fictitious parties cannot be served. Plaintiff must attempt to name one person who can be served with his complaint, and then through the course of discovery, determine identities of John/Jane Doe defendants.

## **CONCLUSION**

Based on the foregoing, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Despite the above-explained shortcomings in Plaintiff's complaint, this Court will allow Plaintiff to file a motion to reopen and amend his complaint, attaching to any such motion a proposed amended complaint, which names a proper defendant who may be served.

An appropriate order accompanies this opinion.


                                            s/Robert B. Kugler
                                            ROBERT B. KUGLER
                                            United States District Judge
Dated: February 24, 2011